IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MAURICE SMALLS,   *

Plaintiff,   *

v.   *   Civil Action No. CCB-20-0097

JUDGE MICHAEL R. PEARSON,   *
COURT CLERK SYDNEY J. HARRISON,
  *

Defendants.

***

# MEMORANDUM OPINION

Self-represented plaintiff Anthony Maurice Smalls, currently incarcerated at North Branch Correctional Institution, brought this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Smalls alleges that documents he filed in the Circuit Court for Prince George's County, Maryland were not properly filed. He alleges that court Clerk Sydney J. Harrison lied in an affidavit submitted in another case filed by Smalls and Judge Pearson conspired with Harrison to "cover up" the lies. *Id*.

On November 14, 2020, the defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 11. Smalls responded to the Motion. ECF Nos. 16, 17.[1] The defendants replied (ECF Nos. 15 and 18) and Smalls filed an unauthorized surreply. ECF No. 19. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the defendants' motion, construed as a motion to dismiss, will be granted.

---

[1] Smalls filed two Motions to Dismiss Defendants' Motion. ECF Nos. 13 and 14. In both Motions, Smalls states that he did not receive a copy of the defendants' dispositive motion and attributes his failure to receive the Motion as evidence of Defendants' "foul play." *Id*. The defendants responded to the Motion advising the court they had in fact mailed a copy of the dispositive motion to Smalls, but in light of his representations that he had not received the motion, the motion was resent to Smalls. ECF No. 15. Subsequently, Smalls responded to the defendants' dispositive motion filing two "Motions to Deny and Dismiss the Motion" (ECF Nos. 16 and 17) making specific reference to the arguments made by the defendants in their dispositive motion. Accordingly, Smalls's first two Motions to Dismiss (ECF Nos. 13 and 14) are denied and the Motions to Deny and Dismiss (ECF Nos. 16 and 17), construed as opposition responses to the dispositive motion, are also denied. The court is also in receipt of Smalls's "Motion to Enter Judgment and Award Immediate Monetary Damages." ECF No. 9. For the reasons that follow the Motion is denied.

**Background**

On December 16, 2016, Smalls filed a complaint pursuant to 42 U.S.C. § 1983 seeking declaratory, injunctive, and monetary relief. *See Smalls v. Prince George's County, et al.*, Civil Action No. CCB-16-4041 (D. Md.) ("*Smalls I*"). In *Smalls I*, Smalls claimed that his right of access to the courts was violated due to the failure of state court clerk's office staff to properly handle and accept for filing his petitions to reopen his post-conviction proceeding and other "relative petitions," submitted in 2015 and 2016, that collaterally attacked his conviction and sentence. Specifically, he alleged that four of his petitions were intentionally discarded and he did not become aware of this until June of 2016. *Smalls I*, ECF No. 1.

In *Smalls I*, the defendants filed a dispositive motion, which was construed as a motion for summary judgment (*Smalls I*, ECF No. 13) and granted. *Id.*, ECF Nos. 24 and 25. The court summarized the facts as follows:

> According to evidence offered by the defendants, Smalls was convicted by a jury of first-degree rape, kidnapping and other related felonies in the Circuit Court for Prince George's County in 1997. *See State v. Smalls*, Case No. CT962473X. The conviction was affirmed by the Court of Special Appeals of Maryland in March 1998. In October 1998, Smalls filed a petition for post-conviction relief. A hearing was conducted in April 1999, and relief was denied by Circuit Court Judge Sherrie L. Krauser on December 29, 1999. His application for leave to appeal that ruling was denied by the Court of Special Appeals in January 2001. (*See* ECF No. 13-2, pp. 11-17).[2]
>
> The defendants maintain that Smalls filed a petition to reopen the post-conviction proceeding in the circuit court on September 23, 2011, which was denied by Circuit Court Judge Michael P. Whalen on November 3, 2011. On July 16, 2012, he filed a second petition to reopen post-conviction proceedings, which was denied by Judge Whalen on August 2, 2012. On October 22, 2012, Smalls filed a third petition to reopen post-conviction proceedings, which was denied by Judge Whalen on December 18, 2012. On January 23, 2015, Smalls filed a fourth petition to reopen post-conviction proceedings. On December 18, 2015, he made three submissions to the court: a petition to withdraw his previous petition to reopen post-conviction proceeding without prejudice—which also requested permission to

---

[2] Citation is to affidavit provided by Harrison.

> submit a replacement petition to reopen—and two separate petitions to reopen post-conviction proceedings. On April 12, 2016, Smalls filed a petition to hold a hearing on his request to reopen post-conviction proceedings. (ECF No. 13-2, 3, 20–21). The defendants maintain the various petitions were filed and docketed in his criminal case and transmitted to the circuit court judge assigned to post-conviction matters, where they remain for disposition. (*Id.*, 3, 20–21).
>
> \*\*\*\*\*
>
> In opposition, Smalls contends that four petitions related to his motion to reopen post-conviction proceedings were not properly handled. He claims, for instance, that he filed two motions—lone to withdraw a previous petition to reopen post-conviction proceedings, and the other to reopen post-conviction proceedings—on July 14, 2015, which are not listed on the state court docket. (*See* ECF No. 22, 19 & Exs. A & B). Smalls also suggests that the defendants inappropriately filed two petitions on December 18, 2015, that were not submitted by the plaintiff. (*Id*. 19).

*Smalls I*, ECF No. 24, pp. 2-3.

The court construed Smalls' allegations as stating an access to courts claim but found that Smalls failed to allege or demonstrate any harm arising from the facts alleged. *Smalls I*, ECF No. 24, p. 6. Specifically, the court concluded that:

> The verified record shows the defendants received, filed, and docketed petitions from Smalls in December 2015 and April 2016. In particular, the defendants received, filed, and docketed the plaintiff's petition to withdraw a previously filed petition to reopen post-conviction proceedings, and separately, a new petition to reopen post-conviction proceedings, on December 18, 2015. (ECF No. 13-2, 3, 21). The defendants also received, filed, and docketed the plaintiff's petition to hold a hearing on his petition to reopen post-conviction proceedings on April 12, 2016. These petitions remain pending before a circuit court judge for disposition. (*Id.*) Smalls indicates that separate petitions to withdraw and to reopen, which the clerks' office received for filing on July 14, 2015, are not noted on the state court docket. (ECF No. 22, 19 & Exs. A & B). However, he has failed to show how those petitions substantially differ from the petitions to withdraw and to reopen entered on the docket roughly five months later. In any event, he has failed to demonstrate that the arguments and claims raised in those petitions are not being considered by the circuit court and that the defendants' alleged actions or inactions caused him real and actual injury.

*Id*.

On April 28, 2018, Judge Pearson resolved Smalls's post-conviction filings, acknowledging receipt of the filings at issue in *Smalls I*, and denying Smalls's request for post-

3

conviction relief. *See Smalls v. Spellbring, et al.*, Civil Action No. CCB-19-3022 (D. Md.) (alleging improper jury instructions were delivered during his state criminal proceedings); ECF No. 1-4, pp. 27–28.

On July 16, 2018, Smalls filed another civil action in this court naming Sydney J. Harrison and "Prince George's County Circuit Court Clerks" as defendants and asserting that the defendants violated his Eighth Amendment rights because "Defendants have and are subjecting the Plaintiff to 'cruel and unusual punishment,' i.e. an [sic] 'dangerous and overly restrictive condition,' i.e., 'prison' by intentionally not properly handling and filing the Plaintiff['s] July 2015 Petition to Reopen Post Conviction Proceedings with the Prince George's County Circuit Court[.]" *See Smalls v. Harrison, et al.*, Civil Action No. CCB-18-2172 (D. Md.); ECF No. 1, p. 2. That complaint was dismissed *sua sponte,* the court finding the action was:

> barred by *res judicata* because plaintiff could have raised the Eighth Amendment claim in his prior lawsuit with this court, *Smalls v. Prince George's County of Maryland Court Clerks Office*, CCB-16-4041. In that case, plaintiff argued that defendants' failure to docket his July 2015 post-conviction petition violated his Fourteenth Amendment rights. The instant action concerns the same facts and is against the same defendants.[FN] Plaintiff has merely selected a different constitutional amendment as the focus of the action, but nothing prevented him from relying on the Eighth Amendment in his earlier action.
>
> ———————
> [FN] Plaintiff did not identify Sydney J. Harrison by name in the earlier action, but he did sue Harrison's office. The instant action makes it clear that Harrison is presently named as a Defendant based on her office.

*Id.*, ECF No. 3, pp. 1-2.

### Standard of Review

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast'

4

evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

## Analysis

The defendants assert that Smalls's claims are barred by collateral estoppel; his claims against Judge Pearson are barred by judicial immunity; and he has failed to state a claim upon which relief may be granted.

Collateral estoppel or "issue preclusion" is the doctrine that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel "bars the relitigation of specific issues that were actually determined in a prior action," *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008), so long as the "party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate" the issue. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks omitted).

Collateral estoppel applies if (l) the issue "is identical to the one previously litigated;" (2)

5

the issue "was actually resolved in the prior proceeding;" (3) the issue "was critical and necessary to the judgment in the prior proceeding"; (4) the prior judgment is final and valid; and (5) the party "to be foreclosed by the prior resolution of the issue" had "a full and fair opportunity to litigate the issue" in the prior proceeding. *Id*.

Here, as in *Smalls I*, Smalls seeks to litigate the central issue of whether his state post-conviction pleadings were properly filed in state court. In *Smalls I*, the court relied on the testimony contained in Harrison's April 2017 affidavit and determined that the information concerning the filing of Smalls's state pleadings was correct. *Smalls I*, ECF No. 13-2. Further, in denying Smalls's post-conviction relief Judge Pearson recounted each of Smalls's state court filings. In *Smalls I*, the court held, based on the verified record as presented, the papers Harrison described in the affidavit were received, filed and docketed in Smalls's state proceedings. *Smalls I*, ECF No. 24, p. 6. Such a finding was necessary to the court's resolution of *Smalls I* where summary judgment was entered against Smalls after the court found that the papers were filed, and Smalls had not alleged or demonstrated any injury to his right of access to the courts. Smalls was provided a full and fair opportunity to respond to Harrison's affidavit and although he filed an opposition to the dispositive motion, he did not offer any evidence to contradict Harrison's affidavit. Finally, the decision in *Smalls I* is final and valid. Smalls did not file an appeal and his time to do so has since expired. *See* 28 U.S.C. § 2107 (notice of appeal to be filed within 30 days). Given that the issue of whether Smalls's post-conviction papers were filed and processed in state court has already been decided, Smalls is estopped from relitigating that issue. Thus, the claims asserted in the instant case are barred by the doctrine of collateral estoppel.

Even if there was no issue prelusion, for reasons that follow, Smalls's claims cannot proceed.

Smalls's claim as to Harrison is barred by the doctrine of *res judicata*. *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 355 F.3d at 325. Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id*. at 354–55. As such, Smalls's claim against Harrison is barred by *res judicata* because plaintiff could have raised the claims presented here in *Smalls I*. The instant action concerns the same essential facts and is against the same court clerk. Plaintiff has merely expanded his complaint allegations, but nothing prevented him from raising these claims in *Smalls I*.

Smalls's claim as to Judge Pearson is barred by the doctrine of judicial immunity, which shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (citing cases). The rationale underlying the doctrine is that the judges have a "duty to decide all cases within [their] jurisdiction that are brought before [them], including controversial cases that arouse the most intense feelings in the litigants." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). While their "errors may be corrected on appeal," they "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Id.*

Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is

7

still judicial, and immunity applies, even if the judge commits "grave procedural errors," and "even when such acts are in excess of their jurisdiction" or "are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56, 359 (1978).

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362).

Neither exception applies here. Smalls's claims against Judge Pearson stem from the fact that Judge Pearson ruled against Smalls in his state court proceedings. Rulings on pending cases over which they had jurisdiction are precisely the type of judicial actions covered by judicial immunity. Smalls provides no grounds to defeat the judicial immunity that applies to Judge Pearson's determinations made in his case. Accordingly, Smalls's complaint against Judge Pearson is dismissed.[3]

## Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, construed as a motion to dismiss, will be granted. A separate Order follows.

\_5/28/2021_____ \_\_\_/S/_____
Date Catherine C. Blake
United States District Judge

---

[3] Having determined that Smalls's claims cannot proceed, the court need not address the defendants' additional defenses.